IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-00692-WYD-MJW

JEFFREY A. BRODE,

    Plaintiff,

v.

CHASE HOME FINANCE, LLC;
US BANK AS TRUSTEE FOR WMALT SERIES 2007 OA3 TRUST;
PLAZA HOME MORTGAGE, INC.;
WASHINGTON MUTUAL, INC.;
DOES 1 THROUGH 50;
ARONOWITZ AND MECKLENBURG, LLP;
SUSAN J. HENDRICK, ESQ., ATTY CO REG. NO. 33196,

    Defendants.

---

## TEMPORARY RESTRAINING ORDER

---

I.    <u>INTRODUCTION</u>

THIS MATTER came before the Court on a hearing on March 25, 2010, on Plaintiff's *ex parte* Motion for Temporary Restraining Order ("TRO") filed that same date. Plaintiff's motion seeks a TRO enjoining Defendants from proceedings with a public sale of his home that was scheduled for March 24, 2010. In the hearing, Plaintiff clarified that he believes that a sale occurred on March 24, 2010, pursuant to Rule 120 of the Colorado Rules of Civil Procedure in that a bid from the lender was accepted on the home. He now seeks to enjoin the sale and/or foreclosure proceedings from being finalized.

The case at issue involves a construction loan that Plaintiff received on or about December 13, 2006 with the assistance of Plaza Home Mortgage. He states at the closing that he was not given a "Notice of Right to Cancel" and the loan was fraudulently charged to a "second home" without his knowledge. He claims that on or about October 29, 2009, he delivered a Notice of Rescission invoking his rights under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §§ 226.23 and 226.15. He also claims that Defendants ignored this notice and are unlawfully attempting to foreclose Plaintiff's home through the Rule 120 hearing and obtain a non-judicial foreclosure with a void security interest. Plaintiff has alleged violations of the TILA, the Real Estate and Settlement Procedures Act, Fair Debt Collection Practices Act, Fair Credit Reporting Act, fraud and other claims and seeks rescission of the mortgage and monetary damages.

II.  ANALYSIS

1.  Requirements of Rule 65(b)(1)

Fed. R. Civ. P. 65(b)(1) provides that a TRO such as this one "may be granted without written or oral notice to the adverse party or that party's attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

*Id.*

I find that Plaintiff has established both requirements. First, he has established that immediate and irreparable injury, loss, or damages will result to him before the adverse parties can be heard in opposition. He has made a prima facie showing that his home is subject to the requirements of the TILA and Regulation Z, and that Defendants did not comply with the disclosure requirements of same. *See* Section II.B., *infra*. Violations of the TILA give Plaintiff the right to rescind the loan up to three years after the loan, and Plaintiff exercised his right to rescission within that time frame. While Plaintiff asserts that a sale of the home may have occurred yesterday, in that a bid from the lender for the home was accepted, it is the Court's understanding that the sale is not yet final under the provisions of Colo. R. Civ. P. 120 but may be very soon, before Defendants or their attorneys can be heard. If the sale is finalized, Plaintiff will not be entitled to the rescission remedy provided in the TILA and will lose his home. Under these circumstances, I find that Plaintiff has demonstrated that he will suffer immediate and irreparable injury, loss, or damages if a TRO is not issued.

I also find that Plaintiff certified in writing in his motion any efforts he made to give notice and the reasons supporting his claim that notice should not be given. Plaintiff stated that he has not effected service because he was not advised of the March 24, 2010 sale until the day before, March 23rd, 2010, and he did not have sufficient time to either effect service or schedule a hearing prior to the sale.

B.  Whether the Standards for Issuance of Injunctive Relief Have Been Met

Issuance of a TRO is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933). The primary purpose of

injunctive relief is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).

A movant seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video*, 269 F.3d at 1154.

  1. Whether Plaintiff Has Established a Likelihood of Success on the Merits

I find that Plaintiff has established a likelihood of success under the TILA. A lender's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling. 15 U.S.C. § 1635(a); *see also* 12 C.F.R. §§ 226.23(a)(3), 226.15. As explained by the Ninth Circuit "[t]echnical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and entitle the borrower to rescind." *Semar v. Platte Valley Federal Savings & Loan Ass'n.*, 791 F.2d 699, 703-04 (9th Cir. 1986). "'To insure that the consumer is protected ... [TILA and Reg Z must] be absolutely complied with and strictly enforced.'" *Id.* (quoting *Mars v. Spartanburg*

*Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir.1983) (holding that technical violation, even if merely a "minor variation in language and type size" from TILA requirements, imposes liability)); *see also Huff v. Stewart-Gwinn Furniture Co.*, 713 F.2d 67, 69 (4th Cir.1983) (minor violations of TILA and Reg Z impose liability even if, as creditor alleged, consumer "was not misled and was given a meaningful and correct disclosure of crucial credit terms").

In the case at hand, for the reasons stated on the record, I find that Plaintiff has made a prima facie showing that his refinance loan in December 2006 is subject to the disclosure requirements of TILA and is not exempt, that Defendants did not make adequate disclosures, including advising him of the right to rescind, that he gave Defendants a Notice of Rescission within the applicable time period that Defendants ignored, and that Defendants arguably do not have standing to consummate the sale given Plaintiff's right of rescission.

### 2. Whether Plaintiff Has Shown Irreparable Injury

Irreparable injury is established "when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video*, 269 F.3d at 1156. The injury 'must be both certain and great,' . . . and . . . must not be 'merely serious or substantial.'" *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (quotation omitted).

I find for the reasons discussed on the record and in this Order that Plaintiff has demonstrated irreparable injury. If the sale of his home is finalized, he will lose his

primary residence and will be denied the remedy of rescission of the loan that is offered by the TILA.

### 3. Whether the Threatened Injury to Plaintiff Outweighs the Injury to Defendants (the Balance of Harms)

I also find that the balance of harms tips decidedly in Plaintiff's favor and outweighs any injury to Defendants. The TRO will only stay the sale of the home temporarily until the merits of the TILA and other violations alleged by Plaintiff have been dealt with in more detail at a preliminary injunction hearing. Defendants will suffer little, if any, prejudice. On the other hand, Plaintiff will suffer significant prejudice if the TRO is not issued since he will lose his home and will not be able to exercise the right of rescission of the loan provided for in the TILA.

### 4. Whether the TRO Would Be Adverse to the Public Interest

Finally, I find that issuance of a TRO would not be adverse to the public interest. It would only stay Defendants' ability to finalize the sale of the home until the Court determines if Plaintiff has rescission rights under the TILA.

On the other hand, if a TRO is not issued, the public interest could be impacted since there is a strong public interest in making sure that lenders comply with the requirements of the TILA that protect consumers. *Semar*, 791 F.2d at 704 ("'To ensure that the consumer is adequately protected...[TILA and Regulation Z] must be absolutely complied with and strictly enforced.... Congress designed the law [under the TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit

transactions."). If the TRO is not issued and the sale of the home is finalized, Plaintiff will not be able to exercise his rights under the TILA.

        5.    <u>Why This Order Is Issued Without Notice</u>

This Order is issued without notice to the Defendants given the fact that Plaintiff certified in writing that he did not have time to serve them, that a sale of his home occurred pursuant to Colo. R. Civ. P. 120 on March 24, 2010, and that the sale of the home may be finalized shortly if injunctive relief is not provided. Under these circumstances, I find that there was not time for notice to be given to Defendants and for Defendants to be heard before issuance of this TRO.

III.    <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Temporary Restraining Order is **GRANTED**. The Temporary Restraining Order is issued at 5:54 p.m. on Thursday, March 25, 2010. In accordance therewith, it is

ORDERED that Defendants are enjoined from taking any further action with respect to the sale of or finalizing the sale of Defendant's residence located at 1135 Hernage Creek Road, Eagle, Colorado 81631. Defendants are also enjoined from seeking or obtaining an order from the state court approving the sale pursuant to Colo. R. Civ. P. 120(g). It is

FURTHER ORDERED that this Order shall expire within fourteen days (14) days, or by **Thursday, April 8, 2010**. It is

FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c), the Court has ordered the Plaintiff to post a one thousand dollar ($1,000.00) security with the Clerk's Office, which amount was tendered to the Court by Plaintiff on March 25, 2010, prior to the entry of this Order. It is

FURTHER ORDERED that Plaintiff shall promptly serve this Order on the Defendants and the Eagle County Public Trustee and provide proof of service with this Court. Finally, it is

ORDERED that a hearing on Plaintiff's Motion for Preliminary Injunction is set for **Thursday, April 8, 2010, at 9:00 a.m.**

Dated this 25th day of March, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE