IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00692-WYD-MJW

JEFFREY A. BRODE,

      Plaintiff,

v.

CHASE HOME FINANCE, LLC;
US BANK AS TRUSTEE FOR WMALT SERIES 2007 OA3 TRUST;
WASHINGTON MUTUAL, INC.;
DOES 1 THROUGH 50;
ARONOWITZ AND MECKLENBURG, LLP;
SUSAN J. HENDRICK, ESQ., ATTY CO REG. NO. 33196,

      Defendants.

---

### ORDER ENFORCING SETTLEMENT AGREEMENT AND DISMISSING CASE

---

THIS MATTER is before the Court on Defendants' Joint Motion to (A) Enforce Settlement Agreement, (B) Dismiss the Case With Prejudice, and (C) Stay All Deadlines Pending Resolution of this Motion filed July 27, 2010 (ECF No. 65).  A response was filed on August 20, 2010, and a reply was filed on September 14, 2010.  For the reasons stated below, Defendants' Joint Motion is granted to the extent it asks to enforce the settlement agreement and dismiss the case with prejudice and denied as moot to the extent it requires a stay of deadlines.

I first address the pertinent facts set forth in the Joint Motion which appear to be undisputed.  On May 14, 2010, soon after the evidentiary hearing where the Court denied Plaintiff's Motion for Preliminary Injunction, counsel for former Defendant Plaza

Home Mortgage ("PHM") met with Plaintiff's counsel to offer a global settlement of this action on behalf of all Defendants.[1]  At that meeting, PHM's counsel offered Plaintiff a settlement the terms of which were: 1) Plaintiff agrees to dismiss the complaint in this case with prejudice and 2) all Defendants agree not to pursue attorney fees, costs, or sanctions against the Plaintiff.  (Seelman Decl., Ex. 1 to Joint Motion.)  On May 14, 2010, Plaintiff's counsel Jared Adams sent PHM's counsel Todd Seelman an email accepting the agreement.  The email stated:

> Mr. Seelman:
>
> Mr. Brode accepts the terms of settlement you offered. Per our conversation, the terms of the settlement are that 1) Mr. Brode agrees to dismiss the complaint in *Brode v. Chase Home Finance, LLC et al* case no. 10-cv-692 with prejudice and 2) all defendants agree not to pursue attorney fees, costs, or sanctions.
>
> Thank you for your help negotiating this settlement and I will be looking out for the final settlement paperwork.
>
> Respectfully,
>
> Jared Adams
> Attorney at Law

(Seelman Decl. at ¶ 6; Ex. 1 to Joint Motion.)

Mr. Seelman then sent an email to Mr. Adams confirming the agreement:

> Jared:
>
> I am authorized to communicate to you that the agreement in principal has been accepted by all defendants.

---

[1]  PHM was dismissed from the case on July 29, 2010.  (ECF No. 66.)  Its dismissal from the case does not impact this motion.

We will forward you the draft settlement and release agreement on Monday.

Have a good weekend.

Todd

(Seelman Decl. at ¶ 7, Exhibit 2 to Joint Motion.)

Defendants then began work on a written settlement agreement.  On May 24,

2010, Mr. Seelman provided Mr. Adams with a draft of the Settlement and Release

Agreement, Stipulation for Dismissal, and a Proposed Order.  (Seelman Decl. at ¶ 8, Ex.

3.)  On May 25, 2010, Mr. Adams sent Mr. Seelman an email reflecting that Plaintiff may

have "one or two small items" on the Settlement and Release Agreement and will

advise Mr. Seelman of those changes shortly.  (*Id.* at ¶ 9, Ex. 4).  On June 4, 2010,

Mr. Adams sent Mr. Seelman an email reflecting that Mr. Adams was to meet Plaintiff to

finalize the Settlement and Release Agreement.  (*Id.* at ¶10, Ex. 5.)  On June 10, 2010,

Mr. Adams informed Mr. Seelman that Plaintiff had terminated Mr. Adam's services and

that a new attorney would enter his appearance.  (Seelman Decl. at ¶ 11.)

On June 23, 2010, Mr. Adams filed a motion to withdraw and accompanying

memorandum of law supporting the motion to withdraw as counsel for Mr. Brode.  (ECF

No. 54-55.)  On June 23, 2010, Gary D. Fielder filed his Notice of Entry of Appearance

on behalf of Mr. Brode.  (ECF No. 53.)  On June 29, 2010, Magistrate Judge Watanabe

granted Mr. Adams' motion to withdraw as counsel for Plaintiff.

Turning to my analysis, "'a trial court has the power to summarily enforce a

settlement agreement entered into by the litigants while the litigation is pending before

it.'"  *Joseph Brazier, LTD. v. Specialty Bar Products Co.*, No. 06-cv-01416-WDM-KLM,

2009 WL 690308 at *2 (D. Colo. March 12, 2009) (quoting *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 1993)).  "Settlement agreements comprised of a series of letters or other documents are valid." *Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (*citing Devine v. Ladd Petroleum Corp.*, 743 F.3d 745 (10th Cir. 1984)).  Indeed, a settlement agreement need not even be in writing.  *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. Ct. App. 2001); *South Carolina Ins. Co. v. Fisher*, 898 P.2d 1369, 1372 (Colo. Ct. App. 1984)).

Basic contract law applies to the enforcement of settlement agreements, as "[a] settlement agreement is a contract between two parties." *Herman*, 978 F. Supp. at 977 (citing *R.T.C. v. Avon Center Holdings, Inc.*, 832 P.2d 1073, 1075 (Colo. App. 1992)). "The law favors compromise and settlement and such resolution will typically be sustained by the court." *Id.* "As a contract, a settlement agreement is construed using ordinary principles of contract interpretation." *Id.* (*citing Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993)).  As stated by Judge Walker Miller of this Court:

> In Colorado, "[i]n order for a settlement to be binding and enforceable, there must be a 'meeting of the minds' as to the terms and conditions of the compromise and settlement." *H.W. Houston Constr. Co. v. District Court,* 632 P.2d 563, 565 (Colo.1981). "[T]he evidence must show that the parties agreed upon all essential terms." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo.1986). Indeed, "it must appear that further negotiations are not required to work out important and essential terms."

*Joseph Brazier, Ltd.*, 2008 WL 690308, at *2 (further quotations omitted).

In this case the undisputed facts demonstrate Plaintiff's unequivocal acceptance of Defendants' settlement offer.  Further, the terms of that settlement agreement were clear and unambiguous and did not, on their face, require further negotiation.  Plaintiff

does not dispute this.  Instead, he argues that the settlement agreement is not valid because the settlement terms were changed or modified in the later written settlement agreement sent to Plaintiff's counsel on May 24, 2010.  As such, Plaintiff asserts that this was a counteroffer which deems the original settlement agreement moot.  I disagree.

As Defendants note, they are not seeking to enforce the terms of the written settlement agreement sent on May 24, 2010 to Plaintiff's counsel, only the settlement terms agreed to on May 14, 1010.  Under Colorado law "[t]he fact that parties contemplate preparing a written agreement does not necessarily render a verbal agreement invalid."  *DiFrancesco*, 39 P.3d at 1248.  Such a verbal agreement is invalid only when acceptance of the settlement is expressly conditioned or "'made 'subject to' preparation of a written document."  *Id.*; *see also I.M.A., Inc. v. Rocky Mountain Airways, Inc.* 713 P.2d 882, 888 (Colo. 1986) ("the fact that the . . . letter stated that it was 'preliminary in nature' does not foreclose a finding that Rocky Mountain and I.M.A. did in fact enter into a contract. . . . [T]he mere intention to reduce an oral or informal agreement to writing, or to a more formal writing, is not of itself sufficient to show that the parties intended that until such formal writing was executed the parol or informal contract should be without binding force.") (quotation omitted).

In this case there is no evidence that the agreement at issue herein was conditioned on or expressly made subject to execution of a later formal written agreement.  Accordingly, I find that the settlement agreement entered into on May 14, 2010, is enforceable despite the fact that the parties did not execute the later written

settlement agreement sent to Plaintiff's counsel on May 24, 2010. *DiFrancesco*, 39

P.3d at 1248; *see also Shoels*, 375 F.3d at 1065 (reference in joint acceptance letter to

preparation of a "mutually acceptable settlement agreement" was not dispositive on

issue of validity of settlement agreement, since the letter did not "state that the

existence of a binding contract [wa]s conditioned on successfully completing that

process", and affirming the district court's determination that there was a binding

settlement agreement); *Griego v. Kokkeler*, 543 P.2d 729, 730 (Colo. Ct. App. 1975)

(oral settlement agreement voluntarily entered into by counsel was enforceable despite

"the fact that certain formalities remain[ed] to be performed, such as the execution of

written releases", as that did not reduce the agreement to "mere negotiations").

The fact that Plaintiff states he now does not agree to the dismissal of his

complaint or argues that dismissal with prejudice is unjust does not change my

conclusion regarding the enforceability of the settlement agreement.  The fact that a

party later changes his mind or is dissatisfied with the bargain he struck are not

permissible grounds to defeat enforcement of a valid settlement agreement.  *See Rauch*

*v. Sutphin Elec. Motors, Corp.*, Case No. 05-cv-02429-REB-BNB, 2007 WL 184667, at *

4 (D. Colo. Jan. 19, 2007); *Royal v. Colorado State Personnel Board*, 690 P.2d 253,

255 (Colo. Ct. App. 1984).

Plaintiff also argues that it is not clear from the record that he authorized or

understood the ramifications of a dismissal with prejudice.  It is Plaintiff's burden,

however, to show that he did not authorize the settlement and he has not shown this.

Further, the fact that Plaintiff did not fully understand the ramifications of a dismissal

with prejudice also provides him no relief.  *See Royal*, 690 P.2d at 255 ("What Royal may have understood or contemplated is not relevant. A unilateral mistake or mistake of law, if any, is not a ground for setting aside an agreement. And, there is nothing to indicate that there was any mutual mistake here. In view of the unequivocal affirmative answers he made to his counsel and to the hearing officer at the time the stipulation was being dictated into the record, it appears that what really happened was that Royal changed his mind after he initially agreed to the terms thereof. But, later dissatisfaction with the terms of a stipulated compromise agreement is not sufficient grounds to set it aside.).

Finally, Plaintiff argues that the Court cannot involuntarily dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) since any stipulation under that rule must be signed by all parties.  Thus, he asserts that enforcing the settlement agreement is a procedural impossibility.  Plaintiff's argument is without merit.  As an initial matter, the settlement agreement did not provide for a stipulated dismissal.  To the contrary, in the May 14, 2010 email, Plaintiff expressly agreed to "to dismiss the complaint . . . with prejudice."  (*See* Seelman Dec. ¶ 6; Ex. 1 to Joint Motion.)  Because no party had filed an answer to the complaint nor a motion for summary judgment, the settlement agreement contemplated Plaintiff's *voluntary* dismissal of this action under Rule 41(a)(1)(A)(i).  More importantly, Plaintiff's strained logic ignores the Court's inherent power to enforce a settlement agreement between the parties, as noted above.  *Shoels*, 375 F.3d at 1060.  Thus, Plaintiff does not have to voluntarily file a notice of dismissal under Rule 41.  The Court has the inherent power to enforce the agreement and enter a

judgment dismissing this action with prejudice as contemplated by the settlement agreement.

Based on the foregoing, Defendants' Joint Motion is granted, the settlement agreement is enforced, and this action is dismissed with prejudice, with each party to bear his/its/her own attorneys' fees and costs.  The portion of the Joint Motion asking for an Order staying all deadlines in this matter until resolution of this motion is denied as moot.  It is therefore

ORDERED that Defendants' Joint Motion to (A) Enforce Settlement Agreement, (B) Dismiss the Case With Prejudice, and (C) Stay All Deadlines Pending Resolution of this Motion is **GRANTED IN PART AND DENIED IN PART AS MOOT** consistent with this Order.

Dated this 4th day of March, 2011.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE